# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>Robert Morrow,<br><br>    Defendant. | Case No. 2:13-cr-239-JAD-PAL<br><br>**Order Denying Motion to<br>Stay Sentence [Doc. 238]** |

    Robert Morrow pled to conspiracy to possess with intent to distribute 500 grams of cocaine, Doc. 139, 141, and on April 28, 2014, I sentenced him to 5 years in federal prison. Doc. 175. As he remained at liberty and on bond, I ordered him to self surrender to the Bureau of Prisons-designated facility on July 24, 2014. Doc. 170. In June, I granted his request to extend his self-surrender date to August because a magistrate judge recommended that a separate but somewhat related case against his co-defendant, Jeremy Halgat, be dismissed based on government misconduct,[1] and Morrow wanted time to consider whether he may benefit from that decision and was uncertain whether he remained represented by counsel. Docs. 194, 202, 220, 222. I conducted a hearing on September 22, 2014, on Morrow's request for a third extension, concluded that Morrow remained represented by his court-appointed counsel, and extended his surrender date one last time to October 29, 2014, to allow Morrow to consult with his attorney and make any appropriate motions. Docs. 225, 228.

    Morrow now requests that I give him a fourth extension "so that he can see what the outcome of the [motion to dismiss filed by his co-defendants] is." Doc. 238. I do not find that this reason falls under any of the very limited circumstances in which 18 U.S.C. § 3143 authorizes me to continue to

---

[1] Beginning in April, Halgat and Morrow's other co-defendant McCall filed motions to dismiss the instant case based on allegedly outrageous government conduct, and a hearing on those motions is scheduled for early November. Docs. 188, 205, 230.

stay the execution of Morrow's sentence or otherwise justifies a stay of his sentence. Accordingly, I deny Morrow's motion; his surrender date remains October 29, 2014.

## Discussion

Under 18 U.S.C. § 3143, I am authorized to stay a sentence under a very limited set of circumstances. For example, under 18 U.S.C. § 3143(a), I could stay Morrow's sentence if he had shown that, among other things, "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or that "an attorney for the government has recommended that no sentence of imprisonment be imposed on [him]." Under 18 U.S.C. § 3143(b), I could stay his sentence if he had demonstrated that he filed an appeal that "is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." And 18 U.S.C. § 3143(c) authorizes me to stay his sentence if the government had itself entered an appeal in this case.

Morrow does not cite any of these bases in his motion and it does not appear from the record that any applies; indeed, he does not even mention the appropriate statute. He merely requests relief "so that he can see what the outcome of the [motion to dismiss filed by his non-pleading co-defendants] is"[2]— a motion that he has in no way demonstrated that he could potentially benefit from. Halgat and McCall occupy a very different procedural posture than Morrow: neither has pled, and both have filed yet-unresolved motions to dismiss the indictment based on the facts as they contend apply to them individually.[3] Morrow pled to a charge in a superseding information, was adjudicated guilty and sentenced, and has waived virtually all of his appellate rights. Docs. 137, 139. Although I extended his surrender date because there was some confusion about whether Morrow was represented by counsel and I felt that justice compelled me to permit him some time to consult with his attorney, that time has now passed to no avail: Morrow has not demonstrated his entitlement

---

[2] Doc. 238.

[3] In no way do I intend to imply by this order my belief or disbelief in the merits of the pending motions to dismiss.

to a stay of the execution of his sentence.

Any further extension of Morrow's self-surrender date would be a stay of the execution of his sentence, Morrow has not demonstrated his entitlement to a stay based on any authority, and I independently find no justification under the law to afford one. Accordingly, I deny Morrow's motion. He must turn himself in, as I previously ordered, on October 29, 2014.

## Conclusion

It is HEREBY ORDERED that Morrow's Motion to Extend Turn-In Date **(Doc. 238) is Denied**. He must self-surrender by noon on October 29, 2014.

Dated: October 21, 2014

_____
Jennifer A. Dorsey
United States District Judge